UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PETER RALBOVSKY, aka JAMES J. RALBOVSKI, aka JAMES J. RALBOVSKY, aka TIMOTHY RALBOVSKI,<br><br>    Petitioner<br>vs.<br><br>I.D. CLAY, WARDEN,<br><br>    Respondent. | Case No. SACV 08-1376-CJC(RC)<br><br>OPINION AND ORDER ON A PETITION FOR HABEAS CORPUS |

On December 4, 2008, petitioner Timothy Peter Ralbovsky, aka James J. Ralbovski, aka James J. Ralbovksy, aka Timothy Ralbovski, a person in state custody proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 sentence on multiple drug offenses and other offenses,[1] following a guilty plea

---

[1] Petitioner was convicted of sale or transportation of a controlled substance in violation of California Health & Safety Code ("H.S.C.") § 11352(a), unlawful taking of vehicle in violation of California Vehicle Code § 10851(a), one count of receiving stolen property in violation of California Penal Code ("P.C.") § 496(a), possession of a controlled substance in violation of H.S.C. § 11350(a), and being under the influence of a controlled substance in violation of H.S.C. § 11550(a), and petitioner also admitted he had six prior "strike" convictions

1  in Orange County Superior Court case nos. 01HF0611 and 01CF2107, on
2  the sole ground the California Supreme Court "refused to comply with
3  the United States Supreme Court's Order granting petitioner habeas
4  relief and remanding his case for further consideration in light of
5  Cunningham v. California, 549 U.S. [270, 127 S. Ct. 856, 166 L. Ed. 2d
6  856] (2007)."  Petition at 5, Exhibit A.

## DISCUSSION

This Court, pursuant to Federal Rule of Evidence 201, takes judicial notice of the records in a previous federal habeas corpus action brought by petitioner: Ralbovsky v. Kane, case no. SACV 04-1041-CJC(RC) ("Ralbovsky I").  The records in Ralbovsky I show that on August 25, 2004, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 convictions and sentence in Orange County Superior Court case nos. 01HF0611 and 01CF2107 on fourteen grounds, and on December 19, 2005, Judgment was entered denying the habeas petition on the merits.  Petitioner filed an appeal, and on August 1, 2006, the Ninth Circuit granted petitioner's request for a certificate of appealability on one claim.  However, in an unpublished opinion filed April 16, 2007, the Ninth Circuit affirmed the Judgment.  Ralbovsky v. Kane, 227 Fed. Appx. 691 (9th Cir. 2007) (unpublished disposition).

//

---

within the meaning of California's Three Strikes law, P.C. §§ 667(b)-(i) and 1170.12(a)-(d), and three prior convictions for which he served a prison term and did not remain free of custody for five years thereafter within the meaning of P.C. § 667.5(b).  These facts are based on petitioner's previous habeas corpus petition, Ralbovsky v. Kane, case no. SACV 04-1041-CJC(RC), discussed herein.

1   The instant petition is governed by the provisions of Section 106
2   of the Antiterrorism and Effective Death Penalty Act of 1996 ("the
3   Act"), which provides, in pertinent part:  "Before a second or
4   successive application permitted by this section is filed in the
5   district court, the applicant shall move in the appropriate court of
6   appeals for an order authorizing the district court to consider the
7   application."  28 U.S.C. § 2244(b)(3)(A).  "Section 2244(b)(3)(A) 'is
8   an allocation of subject-matter jurisdiction to the court of appeals.
9   A district court must dismiss a second or successive petition [. . .]
10  unless the court of appeals has given approval for the filing.'"  In
11  re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United
12  States, 96 F.3d 990, 991 (7th Cir. 1996)), cert. denied, 528 U.S. 1162
13  (2000); see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
14  2001)("When the [Act] is in play, the district court may not, in the
15  absence of proper authorization from the court of appeals, consider a
16  second or successive habeas application." (quoting Libby v.
17  Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).  Under the Act, a
18  successive habeas petition is not a matter of right -- and the
19  gatekeeping function belongs to the Court of Appeals, not to the
20  district court.  Felker v. Turpin, 518 U.S. 651, 661, 116 S. Ct. 2333,
21  135 L. Ed. 2d 827 (1996).

23      Here, it plainly appears on the face of the pending petition that
24  petitioner has not received authorization from the Ninth Circuit Court
25  of Appeals for the instant, successive petition to be brought.  Thus,
26  this Court must dismiss the instant habeas corpus petition as a
27  successive petition for which it lacks subject matter jurisdiction
28  under 28 U.S.C. § 2244(b)(3).

1   Moreover, petitioner's claim that the California Supreme Court
2  has failed to act following remand from the United States Supreme
3  Court is clearly without merit.  Rather, the attachments to the
4  instant petition include the California Supreme Court's decision of
5  December 12, 2007, denying petitioner's habeas corpus petition on the
6  merits.  See California Supreme Court case no. S132837.  Thus,
7  contrary to petitioner's claim, the California Supreme Court did
8  **consider** petitioner's *Cunningham* claim following remand from the
9  United States Supreme Court and denied that claim on the merits.  See
10 Petition, Exhibit A.  The United States Supreme Court did **not order**
11 the California Supreme Court to grant habeas relief to petitioner; it
12 merely ordered the California Supreme Court to **consider** petitioner's
13 claim -- which the California Supreme Court considered and then
14 denied.

16   Rule 4 of the Rules Governing Section 2254 Cases in the United
17 States Courts provides that "[i]f it plainly appears from the face of
18 the petition and any attached exhibits that the petitioner is not
19 entitled to relief in the district court, the judge must dismiss the
20 petition and direct the clerk to notify the petitioner."  Thus, the
21 pending habeas corpus petition should be summarily dismissed for lack
22 of subject matter jurisdiction.

24                              **ORDER**
25   IT IS HEREBY ORDERED that Judgment be entered SUMMARILY
26 DISMISSING the habeas petition and action for lack of subject matter
27 jurisdiction.
28 //

```
 1        IT IS FURTHER ORDERED that the Clerk shall notify petitioner of
 2   this Opinion and Order.
 3
 4   DATE: December 9, 2008                 _____
                                                   CORMAC J. CARNEY
 5                                          UNITED STATES DISTRICT JUDGE

 6   PRESENTED BY:

 7   DATE: December 5, 2009

 8    /S/ Rosalyn M. Chapman
           ROSALYN M. CHAPMAN
 9   UNITED STATES MAGISTRATE JUDGE

10
     R&R-MDO\08-1376.mdo
11   12/5/08
```